IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HILTON, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| HOME DEPOT, INC., *et al*, | : No. 20-5145 |
| Defendants. | : |

**MEMORANDUM OPINION**

**Schmehl, J.  /s/ JLS**                                                                                       **March 21, 2022**

**I.      INTRODUCTION**

Before the Court is the partial motion to dismiss of Defendants, Home Depot, Inc. and Philip Davison (hereinafter "Defendant" or "Home Depot"). Plaintiff, John Hilton (hereinafter "Hilton") filed a Complaint against Defendants, alleging various employment discrimination claims arising under the Americans with Disability Act, as amended by the ADA Amendments Act, the Pennsylvania Human Relations Act, the Family and Medical Leave Act and Pennsylvania common law. Based upon the parties' submissions, Defendants' motion will be granted.

**II.     BACKGROUND**

Hilton, an employee of Home Depot for nearly twenty years at the time of his termination,

claims that Home Depot, former supervisor Philip Davison, and current store manager Robert Roselli discriminated and retaliated against him because of his disability and/or because he took or requested intermittent leave under the FMLA.[1]

Hilton's Complaint sets forth the following causes of action: Count 1 for disability discrimination under the ADA, ADAAA and PHRA; Count 2 for retaliation under the ADA, ADAAA and PHRA; Count 3 for discrimination under the FMLA and PHRA; Count 4 for retaliation under the FMLA and PHRA; Count 5 for hostile work environment under ADA, ADAAA, FMLA and PHRA; Count 6 for aiding and abetting under PHRA; and Count 7 (incorrectly labeled in Hilton's Amended Complaint as a second "Count 6") for common law wrongful termination. Home Depot filed a partial motion to dismiss, seeking to dismiss certain claims set forth in Counts 1, 2, 3, 5 and 7 of the Amended Complaint for failure to state a claim upon which relief can be granted, and to strike related paragraphs of the Amended Complaint.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs the Court's motion to dismiss analysis. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (*citing Iqbal,* 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer

---

[1] I note that Roselli was dismissed from this case due to Hilton's failure to serve him on July 19, 2021 and is no longer a party to this matter. Accordingly, his name should be stricken from the caption. I also note that the dockets in this matter show that Hilton has also failed to serve Davison. Therefore, he is dismissed from this case without prejudice and his name should be stricken from the caption as well.

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) "[i]t must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (*quoting Iqbal*, 556 U.S. at 675, 679). *See Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

## IV.   DISCUSSION

Upon review of Hilton's opposition to Home Depot's motion, it is apparent that there are multiple arguments made by Home Depot that Hilton does not oppose. Those arguments will be discussed first.

### A.   Home Depot's Unopposed Arguments

First, Hilton "concedes that individual liability as to defendants Philip Davison and Robert Roselli may not be asserted under the Americans with Disabilities Act." ECF No. 43, p. 21, n. 7. Hilton also acknowledges that "this Court dismissed the original complaint as to Robert Roselli." *Id.* at p. 22, n. 8. Therefore, Counts 1, 2 and 5 of Hilton's Amended Complaint alleging ADA violations are dismissed as to individual defendants Roselli and Davison.

Next, Hilton "concedes that his wrongful termination action is preempted by the PHRA." ECF No. 43, p. 21, n. 6. Accordingly, Count 7 (incorrectly labeled as a second Count 6) of his Amended Complaint alleging a common law wrongful termination claim is dismissed with prejudice.

Hilton then "concedes that his allegations in support of Count Three of the Complaint are duplicative of those underlying the FMLA retaliation claims alleged in Count Four of the Complaint." ECF No. 43, p. 27, n. 10. Therefore, Count 3 of Hilton's Amended Complaint is dismissed with prejudice.

Next, a review of Hilton's opposition to Home Depot's motion shows that there are numerous arguments contained in the motion to which Hilton presented no response whatsoever. As Local Rule 7.1(c) of the Rules of Civil Procedure for the Eastern District of Pennsylvania allows a court to grant a motion as uncontested in the absence of a timely response, (except as provided by Fed. R. Civ. P. 56) the unopposed portions of Home Depot's motion will be granted. *See Hung Nguyen v. Bosch Sec. Sys., Inc.*, 2018 WL 5839701, at *2 (E.D. Pa. Nov. 8, 2018) (failure to address even part of a motion may result in the unaddressed issue being deemed unopposed); *Levy-Tatum v. Navient Sols., Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (holding that failure to respond to some arguments rendered motion unopposed with respect to two counts of complaint); *Suber v. Guinta*, 902 F. Supp. 2d 591, 609 (E.D. Pa. 2012) (granting motion to dismiss "as unopposed with respect to one claim" while denying dismissal of other claims). These unopposed arguments result in the dismissal of Hilton's FMLA retaliation claims in Count 4 that occurred prior to October 15, 2017. In addition, Hilton did not oppose Home Depot's motion to strike his demand for compensatory and punitive damages and a jury trial on his ADA/ADAA retaliation claims, compensatory and punitive damages under the FMLA, and

punitive damages under the PHRA. Therefore, Hilton's demand for these damages will be stricken.

### B. FMLA Hostile Work Environment Claim

Hilton alleges that he was subjected to a hostile work environment under the FMLA. Am. Compl., Count 5. However, federal courts have not recognized a FMLA cause of action based on a hostile work environment. *See Thornton v. Temple Univ. Health System, Inc.*, 2018 WL 585488, at *1 n.3 (E.D. Pa. Jan. 29, 2018) ("This court could find no authority-and plaintiff provided none–recognizing a cause of action for harassment or creation of a hostile work environment under the FMLA"); *Garza-Delgado v. United Independent School District*, 2017 WL 4326561 (S.D. Tex. Sept. 27, 2017) ("The Fifth Circuit has never recognized an independent claim for a hostile work environment in the FMLA context"); *Smith-Schrenk v. Genon Energy Servs., LLC*, 2015 WL 1150727, at *4, n. 60 (S.D. Tex. Jan. 12, 2015) (noting that the court "has not found any case wherein a federal court has recognized a FMLA cause of action based on hostile work environment harassment").

Hilton has failed to provide any authority which supports his assertion that a cause of action exists under the FMLA for a hostile work environment. Accordingly, Count 5 of the Amended Complaint alleging a claim of FMLA hostile work environment is dismissed.

### C. Hilton's Older ADA and PHRA Claims are Time-Barred

An EEOC charge must be filed within 300 days of the "alleged unlawful employment practice" if the individual has initiated proceedings with a state or local agency. 42 U.S.C. § 12117(a) (stating that enforcement procedures applied in Title VII claims also apply to ADA claims); § 2000e–5(e)(1) (establishing the limitation periods). Otherwise, the claim is time barred and the claimant cannot recover. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 114

(2002) (finding that the plaintiff could only file charges covering "discrete acts that 'occurred' within the appropriate time period"); *Aubrey v. City of Bethlehem*, 466 Fed. Appx. 88, 92 (3d Cir. 2012) (stating that only those alleged unlawful employment practices that occurred within 300 days of filing with the EEOC are actionable). Because Pennsylvania is a "deferral state," and Hilton dual-filed his charge of discrimination with both the EEOC and the PHRC on December 11, 2017, the 300-day limitations period applies to his ADA/ADAAA claim. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013). For his state PHRA claim, the limitations period is 180 days. *Id.* at 164; *Craig v. Thomas Jefferson Univ.*, 2009 WL 2038147, *3-7 (E.D. Pa. July 7, 2009) (applying the 180-day limitations period to the PHRA claim and the 300-day limitations period to the ADA claim). Further, if a plaintiff's ADA/ADAAA claims are time-barred, then the PHRA claims must be as well. *Leonard v. Bristol Twp. Sch. Dist.*, 2010 WL 2995540, at *4 (E.D. Pa. July 28, 2010) ("The statute of limitations for both Title VII and the PHRA are strictly construed so that, generally, a court may not consider conduct falling outside the designated statute of limitations period.").

"Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Morgan*, 536 U.S. at 112. Discrete acts, such as "termination, failure to promote, denial of transfer, or refusal to hire" are easily identifiable, and those that are untimely are not actionable. *Id*. at 115.

In the instant matter, Home Depot argues that any alleged unlawful actions taken by Home Depot against Hilton that occurred prior to February 14, 2017 (i.e., 300 days from December 11, 2017) for his ADA/ADAAA claims, and prior to June 14, 2017 (i.e., 180 days from December 11, 2017) for his PHRA claims are time-barred. In response, Hilton does not dispute that his ADA and PHRA claims that occurred prior to February 14, 2017 for the ADA

6

and June 14, 2017 for the PHRA are time-barred. Rather, he argues that these claims are rescued by application of the continuing violation doctrine, or, in the alternative, equitable tolling. As will be discussed more fully below, neither legal theory saves Hilton's older claims, and they must be dismissed from this matter with prejudice.

### D. Neither The Continuing Violation Doctrine Nor Equitable Tolling Apply to Save Hilton's Time-Barred Claims

The continuing violation doctrine allows courts to grant relief for time barred acts where such acts are part of a "continuing practice." *Cowell v. Palmer Tp.*, 263 F.3d 286, 292 (3d Cir. 2001). "To allege a continuing violation, the plaintiff must show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period." *Mandel*, 706 F.3d at 165-66 (*citing Morgan*, 536 U.S. at 122). The Third Circuit has held that for the continuing violation doctrine to apply, the same individuals must be involved in the same harassment over a period of time. *Doe v. Mercy Case Catholic Med. Ctr.*, 850 F.3d 545, 566 (3d Cir. 2017) ("[a]ll the alleged acts, however, must be part of the same unlawful employment practice, meaning they involved 'similar conduct by the same individuals, suggesting a persistent, ongoing pattern'"). Courts do not consider discrete acts of discrimination a continuing practice; therefore they "cannot be aggregated under a continuing violations theory." *See O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). An employer's denial of a request for a reasonable accommodation is considered a discrete act of discrimination and is not subject to a continuing violation theory. *Mercer v. Se. Pa. Transit Auth.*, 26 F.Supp.3d 432, 442 (E.D. Pa. 2014), *aff'd sub nom., Mercer v. SEPTA,* 608 Fed. Appx. 60 (3d Cir. 2015).

In the instant matter, Hilton argues that the continuing violation theory is applicable in the instant matter because any discriminatory acts, regardless of who is responsible for them or

when they occurred, may be linked together to make out a hostile work environment claim. ECF No. 43, pp. 32-36. However, in *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545 (3d Cir. 2017), the Third Circuit clarified the extent of the continuing violations doctrine with respect to hostile work environment claims, writing:

> Under [the continuing violations] doctrine, discriminatory acts that aren't individually actionable may be aggregated to make out a Title VII hostile environment claim. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013). These acts can occur at any time if they're linked in a pattern of actions continuing into Title VII's limitations period. *Id.* All the alleged acts, however, must be part of the same unlawful employment practice, *id.* at 165–66, meaning they involved "similar conduct by the same individuals, suggesting a persistent, ongoing pattern," *id.* at 167.

*Id.* at 566 (emphasis added). As such, to implicate the continuing violations doctrine, the conduct both inside and outside the prescribed period must be conduct "by the same individual." *Id.*

Here, the only conduct occurring within the prescribed period is that of Roselli and Davison. This is undisputed by Home Depot. Therefore, under *Doe*, conduct by Luis Morales, Larry Mulligan, David Carle, Edward Grace, Robert Jackson, Brad Andrews, and Edward Williams, that occurred between 2002 and 2015 cannot be a part of the "same unlawful employment practice" as the alleged acts and conduct by Roselli and Davison. *Id.; see also Oliver v. Clinical Practices of Univ. of Penna.*, 921 F. Supp. 2d 434, 445 (E.D. Pa. Feb. 4, 2013) ("Acts that are taken by two different supervisors, acting independently, over different time periods generally demonstrate isolated events rather than a persistent, ongoing pattern of discrimination.") (citing *Ferguson v. Merck & Co., Ind.*, 2008 WL 205224, at *10 (E.D. Pa. Jan. 23, 2008)); *Wilkins v. ABF Freight Sys.*, 2005 WL 2271866, at *11 (E.D. Pa. Sept. 15, 2005) (finding no "legal connection" between the acts of two actors sufficient to invoke continuing violations doctrine where complaint was devoid of evidence that the two actors' "actions were

anything but the separate courses of two men, each not responsible for the conduct of the other.").

Further, to the extent Hilton is arguing that his requests for alleged reasonable accommodations over the years should be considered continuing acts creating a continuous violation, his argument would fail. Reasonable accommodation claims based upon a continuing violation theory have been rejected by the Third Circuit. *See Mercer v. SEPTA,* 608 Fed. Appx. 60, 63 (3d Cir. 2015) (a plaintiff's requests for accommodation are not continuing violations "because the denial of a reasonable accommodation is a discrete event"); *Zdziech v. DaimlerChrysler Corp.*, 114 Fed. Appx. 469, 472 (3d Circ. 2004) (rejecting the plaintiff's theory that defendant's "continued refusal to return him to work should be considered a continuing act of ongoing discrimination," thus creating a continuing violation). Accordingly, the continuing violations doctrine does not save Hilton's untimely claims that occurred outside the prescribed periods.

Lastly, Hilton claims that he should be permitted to assert all his claims as timely under the doctrine of equitable tolling. This claim is based upon an August 17, 2018, letter from Dr. Stuart Levy, which stated that Hilton was "medically paralyzed" and his depression "precluded his ability to file claims regarding claims of discrimination." Am. Compl., ¶5(A).

Equitable tolling is a "rare, extraordinary remedy." *Aversano v. Santander Bank, N.A.*, 828 Fed. Appx. 109 (3d Cir. 2020). Some courts have recognized mental illness as a basis for equitable tolling, but only under very limited circumstances. To toll a federal statute of limitations, a plaintiff must suffer from a mental illness which prevents him from managing his own affairs and renders him incapable of pursuing his legal rights. *Temparali v. Rubin*, 1997 WL 361019, at *6 (E.D. Pa. June 20, 1997). In this matter, there is no allegation that Plaintiff has

ever been adjudicated incompetent or institutionalized for his anxiety and depression. Further, Plaintiff asserts that he was "medically paralyzed" for 15 years, yet, during the same period, he alleges he was an excellent associate performing his job duties, "had a nearly spotless record," and an "outstanding record of service to the company." Clearly, Hilton was not incapacitated to the point that he was incapable of managing his own affairs while also maintaining employment with a "nearly spotless record." *See also Mote v. Murtin*, 816 Fed. Appx. 635 (3d Cir. 2020) (noting that "Pennsylvania law does not allow for the tolling of a statute of limitations due to mental incapacity). In addition, Dr. Levy's letter does not provide any details as to how Hilton's alleged depression prevented him from timely filing a complaint. Because Hilton has not pled any facts sufficient to toll the applicable limitations period, Home Depot's motion should be granted, and Hilton's claims occurring prior to February 14, 2017, under the ADA/ADAAA and prior to June 4, 2017, under the PHRA are dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants' Partial Motion to Dismiss is granted.